**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ENRIQUE HILARIO and DANIEL CRUZ, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiffs,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| **-against-** | |
| **USA MAINTENANCE & CLEANING CORP., USA MAINTENANCE, INC., ANDRE WALTER, ULYSSES LAYUN and CHRISTOPHER LAYUN, Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff Enrique Hilario and Daniel Cruz (the "Plaintiffs"), individually and on behalf of

all others similarly situated, as class representatives, upon personal knowledge as to themselves

and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are former maintenance workers for Defendants' Florida-based maintenance and cleaning business, who performed cleaning and janitorial duties for a Cheesecake Factory restaurant located in Queens, New York.  For their work, Defendants paid Plaintiffs on a purported "salary" basis that did not vary regardless of how many hours they worked.  By paying Plaintiffs a low flat bi-monthly rate on a "salary" basis, even though Plaintiffs performed non-exempt cleaning and maintenance duties, Defendants failed to provide overtime premiums for all hours worked in excess of forty (40) hours per week and also failed to compensate Plaintiffs at minimum wage for all hours worked.

2.     Plaintiffs bring this action to recover unpaid minimum wage and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL") §§ 650 *et seq*.  Plaintiffs also bring claims for Defendants' failure to provide wage statements and wage notices pursuant to the NYLL and supporting regulations.

3.     Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and the NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all cleaning, janitorial and maintenance employees who worked for Defendants in New York.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and Defendants conduct business in this district.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

8.     Plaintiff Enrique Hilario ("Hilario") was, at all relevant times, an adult individual residing in Westchester County, New York.

9.     Plaintiff Daniel Cruz ("Cruz") was, at all relevant times, an adult individual residing in Westchester County, New York.

10.    Throughout the relevant time period, Plaintiffs performed work for Defendants at The Cheesecake Factory, Queens Center, 90-15 Queens Blvd, Queens NY 11373.

11.    Plaintiffs consent in writing to be party to this action, pursuant to 29 U.S.C. § 216 (b), and their consent forms are attached hereto.

**Defendants:**

12.    USA MAINTENANCE & CLEANING CORP. is an active Florida Corporation doing business as "Team USA Maintenance" with its principal place of business at 7628 Wiles Rd, Coral Springs, Florida 33067.

13. USA MAINTENANCE INC. is an active Florida Corporation doing business as "Team USA Maintenance" with its principal place of business at 7680 Wiles Rd, Coral Springs, Florida 33067.

14. Upon information and belief, USA MAINTENANCE & CLEANING CORP. and USA MAINTENANCE INC. (collectively, "Team USA Maintenance" or the "Corporate Defendants") respectively operate together as a single business enterprise, with the same employment policies, including wage and hour policies, established and carried out by the Individual Defendants.

15. Upon information and belief, Defendant Andre Walter ("Walter") is an owner, operator and/or officer of the Corporate Defendants, and President of USA MAINTENANCE & CLEANING CORP.

16. Defendant Ulysses Layun ("U. Layun") is an owner, operator and/or officer of the Corporate Defendants.

17. Upon information and belief, Defendant Christopher Layun ("C. Layun" and, together with Walter and U. Layun, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants") is an owner, operator and/or officer of the Corporate Defendants.

18. Upon information and belief, the Individual Defendants set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

19. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Corporate Defendants other similarly situated employees, and are each an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL

§ 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

20.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

21.    At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

22.    Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

23.    At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

24.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b),  Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since March 31, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as cleaning, janitorial and maintenance employees (the "Collective Action Members").

25.    A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of paying them a purported "salary" that did not vary with the number of hours they worked even though they were non-exempt workers, did not compensate them for all hours

worked, did not compensate them at minimum wage for all hours worked, and did not provide overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

26. Plaintiffs and the Collective Action Members have similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## **NEW YORK CLASS ACTION ALLEGATIONS**

27. Pursuant to the NYLL, Plaintiffs bring their Third through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since March 31, 2011 and through the entry of judgment in this case (the "Class Period") who worked as cleaning, janitorial and maintenance employees (the "Class Members").

28. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

29. The Class Members are so numerous that joinder of all members is impracticable.

30. Upon information and belief, there are in excess of forty (40) Class Members.

31. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning

of the NYLL;

b. whether Defendants had a policy or actual practice of paying a flat weekly rate or "salary" to Plaintiffs and other non-exempt employees;

c. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wage for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e. whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

f. whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g. whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h. whether Defendants failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

32. <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, are cleaning, janitorial and maintenance employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, was not paid overtime

premium pay for hours worked over forty (40) in a given workweek, and did not receive wage notices or wage statements.

33. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

34. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class.</u> There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring the lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

35. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

36. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

37. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Cleaning and Maintenance Company

38. At all relevant times, Defendants have been in the cleaning, maintenance and janitorial business.

39. Upon information and belief, Defendants currently own, operate, and manage the Corporate Defendants, which conduct business under the trade name, "Team USA Maintenance" and provide cleaning, maintenance, and janitorial services to businesses.

8

40.     According to Defendants' website, Team USA Maintenance operates throughout the United States. Their website specifies Massachusetts, Pennsylvania, New Jersey, New York, Florida, and Louisiana. (https://www.teamusamaintenance.com/our-team)

41.     Team USA Maintenance services "… several well-known Restaurant chains, Private Clubs and other institutions; Murphy's Law, Cheesecake Factory (Massachusetts, Pennsylvania, New Jersey, New York, California) Margaritaville, Hard Rock Café and Casino (Key West, New Orleans, Destin, Biloxi) Ruth Chris Steakhouse, Ale House and many more." (https://www.teamusamaintenance.com/our-team).

42.     Defendants' website shows a letter of recommendation from Mr. Tracy P. Ferris, a Senior Regional Facilities Manager for The Cheesecake Factory Inc. (https://www.teamusamaintenance.com/recomendation-1).

43.     According to Defendants' website, Defendant U. Layun is the CEO and original founder of the Corporate Defendants.  An interview with U. Layun on Defendants' website states that Defendants have "hundreds of employees" and operate on a "national scale… present in most states" with "a select portfolio of over 300 customers." (https://www.teamusamaintenance.com/single-post/2016/04/15/Interview-CEO).

44.     According to Defendants' website, the "overall management of USA Maintenance is in charge of two young men," including U. Layun's son, "Christopher," who is U. Layun's "right arm." (https://www.teamusamaintenance.com/single-post/2016/04/15/Interview-CEO).

45.     According to Defendants' website, Defendant C. Layun is a Region Supervisor of Team USA Maintenance. (https://www.teamusamaintenance.com/our-team).

46.     According to Defendants' website, Defendant Walter is a Supervisor. (https://www.teamusamaintenance.com/our-team).

47.     Upon information and belief, and according to corporate filings with the Florida Secretary of State, Division of Corporations, U. Layun is a President and Director of USA Maintenance, Inc, as well as the Registered Agent for the company.

48.     Upon information and belief, and according to corporate filings with the Florida Secretary of State, Division of Corporations, C. Layun is the Vice President and Director of USA Maintenance, Inc.

49.     Upon information and belief, and according to corporate filings with the Florida Secretary of State, Division of Corporations, Walter is the President and Registered Agent of USA Maintenance & Cleaning Corp.

50.     Defendant Walter was frequently present at locations where Defendants' employees worked, including the Cheesecake Factory located in Queens, New York where Plaintiffs worked.  Defendant Walter paid Plaintiffs and told them that he traveled back and forth from Florida to the company's main headquarters to retrieve the checks that were paid to them.

51.     Upon information and belief, the Individual Defendants are in constant contact with one another regarding the operations of Defendants' business in the New York and surrounding areas and work in conjunction to implement the Defendants' corporate policies, including the policies referenced in this Complaint.

52.     Upon information and belief, Defendants have contracted with The Cheesecake Factory since at least 2013 to provide extensive restaurant janitorial, cleaning and maintenance services for at least ten (10) locations in California and twenty-four (24) locations in the Northeast, including New York, New Jersey and Massachusetts.  The terms of service are identical for the work to be performed by Defendants' employees in all of The Cheesecake Factory locations, including a scope of work specification, specifications for cleaning and a janitorial checklist.

**Plaintiff's Work for Defendants**

53.     Plaintiff Hilario worked for Defendants as a cleaning, janitorial and maintenance worker from in or around November 30, 2016 to in or around January 19, 2017 (the "Hilario Employment Period").

54.     Plaintiff Hilario performed general cleaning and maintenance duties in the kitchen and dining room of The Cheesecake Factory, focusing primarily on deep cleaning the kitchen.  His tasks included, among other things, removing and cleaning filters, removing and cleaning parts of the grill, moving equipment and machinery to clean floors and walls, taking out garbage, and cleaning the beverage and coffee area.

55.     During his entire employment period, Hilario performed cleaning, janitorial and maintenance work at The Cheesecake Factory located in the Queens Center Mall, 90-15 Queens Blvd., Queens, NY 11373.

56.     Plaintiff Hilario worked seven (7) days per week from between approximately 12:30 a.m. and 1:00 am to between 9:00 am and 10:00 am, for a total of between fifty-nine and a half (59.5) and sixty-six and a half (66.5) hours per week.

57.     Defendants did not provide any means for Plaintiff Hilario to track his time.  When Hilario was hired by Defendant Walters, he was told that he would work an eight (8) hour shift. His shift started when The Cheesecake Factory closed, typically between 12:00 am and 1:00 am. On occasion, he was required to wait for restaurant employees to close the restaurant. When the kitchen was dirtier than usual, Plaintiff Hilario was required to stay beyond his eight (8) hour shift but did not receive any extra wages for this time worked.

58.     For his work, Plaintiff Hilario was paid a flat rate of one thousand dollars ($1,000), twice per month. The salary did not increase when he was required to work past his scheduled

shift.

59.     Throughout the Hilario Employment Period, Plaintiff Hilario was paid by check twice per month, which he always received from Defendant Walter. Frequently he received his checks several days late.

60.     Plaintiff Hilario understood when he was hired that he would be paid on a salary basis.

61.     Plaintiff Hilario observed Defendant Walter at the Queens Mall Cheesecake Factory, supervising work and distributing wages to employees. Plaintiff Hilario was periodically required by Defendant Walter to send photos of his work cleaning the kitchen.

62.     For Plaintiff Hilario's final week of work, Defendant Walter direct deposited a portion of Hilario's final pay into Hilario's bank account. However, Plaintiff Hilario is owed additional wages for his final several days of work.

63.     Plaintiff Hilario spoke with Defendant Walter on several occasions and complained that he was not getting paid his wages on time.

64.     Plaintiff Cruz worked for Defendants as a cleaning, janitorial and maintenance worker from in or around November 28, 2016 to in or around January 20, 2017 (the "Cruz Employment Period").

65.     Plaintiff Cruz performed general cleaning and maintenance duties in the kitchen and dining room of The Cheesecake Factory, focusing primarily on deep cleaning the kitchen. His tasks included, among other things, removing and cleaning filters, removing and cleaning parts of the grill, moving equipment and machinery to clean floors and walls, taking out garbage, polishing the floor, and cleaning the beverage and coffee area.

66.     During his entire employment period, Plaintiff Cruz performed his work at the

Cheesecake Factory located in the Queens Center Mall, 90-15 Queens Blvd., Queens, NY 11373.

67.     Plaintiff Cruz worked seven (7) days per week from between 12:30 a.m. and 1:00 am to 9:00 am and 10:00 am for a total of approximately fifty-nine and a half (59.5) and sixty-six and a half (66.5) hours per week.

68.     Defendants did not provide any means for Plaintiff Cruz to track his time. His shift started when The Cheesecake Factory closed, typically between 12:00 am and 1:00 am. When the kitchen was dirtier than usual, Plaintiff Cruz was required to stay beyond his eight (8) hour shift but did not receive any extra wages for this time worked.

69.     For his work, Plaintiff Cruz was paid a flat rate of one thousand, one hundred dollars ($1,100), twice per month. The salary did not increase when he was required to work past his scheduled shift.

70.     Throughout the Cruz Employment Period, Plaintiff Cruz was paid by check twice per month, which he always received from Defendant Walter.

71.     Plaintiff Cruz understood when he was hired that he would be paid on a salary basis.

72.     Plaintiff Cruz observed Defendant Walter at the Queens Mall Cheesecake Factory, supervising work and distributing wages to employees.

73.     Plaintiff Cruz complained to Defendant Walter on numerous occasions about not getting paid on time.

74.     Plaintiffs Hilario and Cruz worked on the same team cleaning the kitchen at The Cheesecake Factory at the Queens Mall. They knew another individual who cleaned the dining area at The Cheesecake Factory in the Queens Mall, "Michelle," who had worked at a Cheesecake Factory location in New Jersey before being sent to the Queens Mall location. It was Plaintiffs' understanding that "Michelle" was also paid bi-weekly by Defendant Walter and was required to

work a similar schedule and was paid in the same manner regardless of which location she worked at for Defendants.

75.     Although Plaintiffs worked well over forty (40) hours per week and performed non-exempt maintenance, cleaning and janitorial duties, they were paid on a salary basis that did not compensate them at the proper overtime rate for all hours worked in excess of forty (40) hours per week.

76.     Defendants did not provide Plaintiffs with a paystub or any wage statement with payment of wages setting forth their hours worked, rates paid or any deductions subtracted from their wages.

77.     Defendants did not provide to Plaintiffs a wage notice setting forth their hourly rates or any deductions that would be subtracted from their wages.

78.     Throughout their employment, Plaintiffs were paid a flat weekly rate and did not receive any wages whatsoever, let alone overtime premiums consisting of one and one-half (1.5) times their hourly rates for hours they worked in excess of their regular schedule.

**Defendants' Unlawful Corporate Policies**

79.     Plaintiffs and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wage and overtime premiums and failure to provide wage statements and wage notices.

80.     Plaintiffs are aware that other employees of Defendants, who similarly worked in excess of forty (40) hours per week during the Class Period, similarly received flat weekly rates that often fell below the minimum wage and did not receive overtime premiums of one and one-half (1.5) times their hourly rate for all hours worked over forty (40) hours per week. Defendants' failure to pay Plaintiffs and Class Members minimum wage for all hours worked and overtime

compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants, which applied to all of their cleaning, janitorial and maintenance employees who were paid in the same manner throughout the relevant period.

81.     Plaintiffs are aware that Defendants paid other employees in the same manner as Plaintiffs were paid, by check with no paystub or wage statement.  Defendants' failure to provide wage statements in accordance with the requirements of the NYLL was a corporate policy that applied to all hourly employees throughout the relevant time period.

82.     Defendants did not provide Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year.

83.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain time and payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

84.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

86.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

87.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  Therefore,

Plaintiff and the Collective Action Members are entitled to recover from Defendants unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

88.	Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.	By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

90.	The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

91.	Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and the Class Members)**

92.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

93.     Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked in violation of the NYLL and regulations promulgated thereunder.

94.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Therefore, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of Plaintiffs and the Class Members)**

95.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

96.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

97.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members

are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE</u>
### (Brought on Behalf of Plaintiffs and the Class Members)

98.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

99.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiffs and the Class Members)

101.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102.    Defendants have willfully failed to supply Plaintiffs and Class Members with a statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred dollars and fifty dollars ($100) per employee for each violation, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.    An award of actual and liquidated damages for the unlawfully withheld tips and tips taken by managers;

i.    Fifty dollars ($50) per Plaintiff and each of the Class Members for each workday that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b.

j.    Two hundred and fifty ($250) per Plaintiff and each of the Class Members for each violation of NYLL, Article 6 § 195 that occurred or continue to occur, up to a maximum of five thousand ($5,000) dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.    An award of prejudgment and post-judgment interest;

l.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 31, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, the putative collective
and class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Team USA Maintenance, USA Maintenance & Cleaning Corp. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


ENRIQUE HILARIO
_____
Firma

ENRIQUE HILARIO
_____
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Team USA Maintenance, USA Maintenance & Cleaning Corp. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
Nombre Escrito