## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into among Plaintiffs Enrique Hilario ("Hilario") and Daniel Cruz ("Cruz") (collectively, "Plaintiffs") and Defendants USA Maintenance & Cleaning Corp., ("USA Corp."), Andre Walter ("Walter"), USA Maintenance, Inc. ("USA Inc.") Ulysses Layun and Christopher Layun (Ulysses and Christopher together, "Layuns," and all defendants collectively, "Defendants").

WHEREAS, Plaintiffs filed an action against Defendants in the United States District Court for the Eastern District of New York, captioned *Hilario, et al. v. USA Maintenance & Cleaning Corp., et al.*, Civil Action No. 1:17-cv-01835-LDH-LB (the "Civil Action"), alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), §§ 650 *et seq.*, based on Plaintiffs' employment with Defendants USA Corp. and Walter and alleged employment with USA Inc. and Layuns and related alleged failure to pay overtime for all overtime hours allegedly worked, as well as alleged failure to provide wage statements and wage notices required under NYLL;

WHEREAS, Plaintiffs have been represented by Pelton Graham LLC;

WHEREAS, Plaintiffs and Defendants desire to settle and terminate fully and finally any and all counts of the above-mentioned Civil Action and any and all differences and disputes between them, including, but not limited to, any and all claims which were raised or could have been raised in the above-referenced Civil Action based on the facts pled in the Complaint, including, but not limited to, all matters related to Plaintiffs' compensation and wage notices/statements while employed by Defendants USA Corp. and Walter and allegedly employed by USA Inc. and Layuns;

NOW, THEREFORE, in consideration of the mutual promises contained here, the parties hereto, intending to be legally bound, HEREBY AGREE AS FOLLOWS:

1.      Release.  Plaintiffs, for and in consideration of the wage payments described in Paragraph 3 below that are conditioned on their compliance with the terms of the Agreement, and intending to be legally bound, do hereby REMISE, RELEASE, AND FOREVER DISCHARGE from any wage and hour, wage payment or related claims, USA Corp. and USA Inc., each of their current and former parents, subsidiaries, and affiliates, all such entities' predecessors, successors and assigns, and all of their current and former officers, directors, employees and agents, including Walter and Layuns (collectively, the "Released Parties").  This release specifically includes, but is not limited to, all claims under the FLSA, New York Labor Law, and all other federal, state and local wage/hour, wage notice and wage payment statutes, ordinances, regulations and common law theories for any type of relief, including, without limitation, minimum, overtime or other wages, unpaid costs, penalties, wage deductions, meal or other break penalties, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief; provided, however, that this Agreement does not release Plaintiffs' claims, if any, that are not waivable as a matter of law.  Plaintiffs also agree that should any person, administrative agency, organization, or other third party file, charge, claim, sue or cause or permit to be filed any civil action, administrative charge, suit, or legal proceeding against or affecting any Released Party regarding any matter covered by this

Release, Plaintiffs will not accept any personal relief in such civil action, suit, or administrative or other legal proceeding.

2.    <u>Motion for Approval of the Settlement and Order of Dismissal with Prejudice</u>. In further consideration of the consideration described in Paragraph 3 below, the Parties agree to seek approval of this Agreement and dismissal of the Civil Action by motion by Plaintiffs in accordance with the fairness criteria set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Defendants agree not to oppose Plaintiffs' motion for approval of the settlement as long as it is consistent with the terms set forth in the Agreement. If the Court denies approval and/or declines to dismiss the Civil Action with prejudice, the parties agree to negotiate in good faith over a proposed revised settlement. The dismissal will operate as a *res judicata* bar for all released claims in Paragraph 1.

3.    <u>Consideration</u>. In exchange for and subject to compliance with (1) the promises and agreements made by Plaintiffs contained in this Agreement, and (2) Plaintiffs' agreement to dismiss the Civil Action with prejudice as described in Paragraph 2 above and the Court actually dismissing the Civil Action with prejudice, if approved by the Court, Defendants will pay individual settlements to Plaintiffs totaling $10,262.59 and Plaintiffs' counsel attorneys' fees and costs totaling $10,000, in the manner described below:

A.    Defendants USA Corp. and Walter will pay the claimed overtime and NYLL penalty damages to the named Plaintiffs by payments made every fifteen (15) days according to the following schedule, beginning within two weeks after dismissal of the Civil Action:

1.    Hilario:  Seven (7) payments of $625.00 and one (1) payment of $977.74

2.    Cruz: Seven (7) payments of $625.00 and one (1) payment of $534.85

B.    Subject to receipt of a W-9 Form, Defendants USA Inc. and Layuns will pay to Plaintiffs' counsel a total of $10,000 in attorneys' fees in eight (8) installments of $1,250 each, every fifteen (15) days, beginning within two weeks after dismissal of the Civil Action.  The payments in A and B will be reported on Forms 1099 issued to Plaintiffs and their counsel.

In addition to the above monetary consideration, and again conditioned on Plaintiffs' compliance with the Agreement, Defendants agree to the following non-monetary consideration:

A.    Defendants USA Corp. and Walter will implement a formal timekeeping system to track actual hours worked by employees;

B.    Defendants USA Corp. and Walter will make payments to maintenance/cleaning employees on an hourly basis including overtime for hours worked over 40 per week (rather than paying on salary basis);

C.    Defendants USA Corp. and Walter will provide paystubs to accompany wage payments to maintenance/cleaning employees; and

D.     Defendants USA Corp. and Walter will verify compliance with the above obligations through documentary evidence in 2 months and then again 6 months after the date of this Agreement;

E.     Any documents to be provided pursuant to the terms above for USA Corp. and Walter will be provided in a redacted form so as not to provide information regarding the identities of the employees.

F.     Defendants USA Inc. and Layuns will include language in future sub-contract/vendor agreements requiring formal timekeeping system and compliance with applicable state and federal wage and hour laws, including payment on hourly basis, including overtime for hours over 40/week.

The foregoing amounts shall be the maximum that Defendants will pay pursuant to the Agreement and are inclusive of all payments necessary to implement the Agreement and dismiss the Civil Action, as attorneys' fees and costs are included within the total settlement amount of $20,262.59. Plaintiffs and their counsel are not currently aware of other lawyers or law firms that have any potential claim to any portion of the $20,262.59, and Plaintiffs and their counsel will not seek additional fees/costs.

Plaintiffs acknowledge and agree that there are no outstanding amounts of wages or fringe benefits or wage supplements, as defined in the FLSA or state laws, owed to them by any of the Released Parties. Plaintiffs further expressly acknowledge and warrant that they are, and shall be, responsible for all of their applicable federal, state, and local tax liabilities that may result from the payments described in this Paragraph 3. Plaintiffs therefore hereby warrant that the Released Parties shall bear no responsibility for any such tax liabilities as to Plaintiffs' tax liabilities, and that they will make no claim against the Released Parties with respect to or arising out of the reporting, if any, of the settlement payment to any taxing authorities.

Each individual Defendant is solely responsible for the settlement payments as set forth in paragraph 3. In the event either of the Defendants fail to pay the settlement payments when due, Plaintiffs' counsel shall send notice of default to the Defendants' counsel and that individual Defendant shall have seven (7) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiffs shall be entitled to file the Confessions of Judgment in the form attached hereto as Exhibit 1, and to enter judgment in the amount of 150% of the Settlement Amount against the individual Defendant only. Plaintiffs shall hold the Confessions of Judgment in escrow pending payment in full of the Settlement Amount.

4.     No Obligations/Bona Fide Dispute. Plaintiffs acknowledge that the payments and benefits described in Paragraph 3 above are not required by the Released Parties' policies, practices and/or procedures. Thus, Plaintiffs represent, warrant and agree that they are receiving consideration pursuant to this Agreement beyond that to which they are otherwise entitled and that their claimed right to any additional wages or other compensation involves a bona fide dispute. It is expressly agreed and understood that the Released Parties do not have and will not have any obligation to provide Plaintiffs at any time in the future with any payments, benefits or other considerations other than those payments recited in paragraph 3 above.

5.    <u>No Claims</u>.  Plaintiffs represent and agree that they have not filed any notices, claims, complaints, charges, administrative proceedings, arbitrations, or lawsuits of any kind whatsoever against the Released Parties with any court, any governmental agency, any regulatory body or any other third party with respect to any matter related to the Released Parties, or arising out of Plaintiffs' employment with Defendants USA Corp. and Walter or alleged employment with USA Inc. and Layuns. Plaintiffs' counsel acknowledge that, as of the execution of this agreement, they have no other clients with potential claims against the Released Parties, or knowledge of other individuals who have decided to bring or are contemplating bringing any claims against the Released Parties.

6.    <u>No Media</u>.  Plaintiffs and Plaintiffs' counsel will not reference the fact or terms of their settlement with the Released Parties to the media, on any website, online, television, radio, print or through social media and will respond to media inquiries only that "the matter has been resolved." Nothing in this paragraph shall preclude the Plaintiffs or Plaintiffs' counsel from truthfully communicating their experiences concerning the Civil Action or the settlement as embodied in this Agreement.

7.    <u>Effective Date.</u>  This Agreement shall not become effective or enforceable until all parties have signed the Agreement and the Court has dismissed the Civil Action with prejudice (the "Effective Date"). This Agreement will be void if the Civil Action is not dismissed with prejudice. This Agreement is contingent on the Court's approval.

8.    <u>Non-Admission of Liability.</u>  Plaintiffs and Defendants further recognize and agree that this Agreement and settlement of claims against the Released Parties is not an admission of liability on the part of the Released Parties, which liability and responsibility for damages are specifically denied, and that the Released Parties' position is that the sole purpose of this Agreement is to avoid the cost of further litigation.

9.    <u>Non-Admissibility</u>.  Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by Released Parties of any violation of any state, federal or local laws or regulations or any rules, regulations, criteria or standards of any regulatory body. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

10.    <u>Entire Agreement</u>.  This Agreement sets forth the entire agreement among the parties hereto and fully supersedes all other oral and written understandings or agreements among the parties pertaining to the subject matter of this Agreement. No modification, revision, addition to, or alteration of this Agreement will be binding unless in writing and signed by Plaintiffs and Defendants.

11.    <u>No Representation</u>.  Plaintiffs represent and acknowledge that in executing this Agreement they do not rely upon and have not relied on any representation or statement by any of the Released Parties or by any of the Released Parties' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

12.    <u>No Assignment</u>.  Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion

thereof or interest therein, and Plaintiffs agree to indemnify, defend and hold harmless each and all of the Released Parties against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein. Plaintiffs acknowledge that Defendants may assign their rights under this Agreement.

13.    <u>Execution of Counterparts</u>.   The parties agree that this Agreement may be executed in separate counterparts, facsimile signatures or other reliable electronically copied signatures shall be treated as original signatures, and that such counterparts, taken together, shall constitute one and the same complete Agreement.

14.    <u>Severability</u>.   The parties agree that if any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable. If, however, a court of competent jurisdiction finds that any release by Plaintiffs in Paragraph 1 above is illegal, void, or unenforceable, Plaintiffs will promptly sign a release, waiver, and/or agreement that is legal and enforceable to the greatest extent permitted by law.

15.    <u>Governing Law</u>.   This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the state of New York, both in its procedural and substantive aspects. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof. Following the Effective Date of the Agreement, the Court will retain jurisdiction to enforce this Agreement, including the payment obligations in paragraph 3.

16.    <u>Binding Effect</u>.   This Agreement shall be binding upon Plaintiffs and upon their dependents, heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of the Released Parties.

17.    <u>Agreement By All Plaintiffs</u>. This Agreement is conditioned on the approval by each of the Plaintiffs. If either Plaintiff declines to approve and execute the Agreement, this Agreement is then void, but the parties agree to work in good faith to evaluate the possibility for a new settlement agreement applicable to the remaining Plaintiff.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, Plaintiffs, and Defendants hereby execute the foregoing Agreement.

**PLAINTIFF DANIEL CRUZ**

_____          Date: __11/9/2017__

**PLAINTIFF ENRIQUE HILARIO**

_____          Date: _____

thereof or interest therein, and Plaintiffs agree to indemnify, defend and hold harmless each and all of the Released Parties against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein. Plaintiffs acknowledge that Defendants may assign their rights under this Agreement.

13. **Execution of Counterparts**. The parties agree that this Agreement may be executed in separate counterparts, facsimile signatures or other reliable electronically copied signatures shall be treated as original signatures, and that such counterparts, taken together, shall constitute one and the same complete Agreement.

14. **Severability**. The parties agree that if any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable. If, however, a court of competent jurisdiction finds that any release by Plaintiffs in Paragraph 1 above is illegal, void, or unenforceable, Plaintiffs will promptly sign a release, waiver, and/or agreement that is legal and enforceable to the greatest extent permitted by law.

15. **Governing Law**. This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the state of New York, both in its procedural and substantive aspects. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof. Following the Effective Date of the Agreement, the Court will retain jurisdiction to enforce this Agreement, including the payment obligations in paragraph 3.

16. **Binding Effect**. This Agreement shall be binding upon Plaintiffs and upon their dependents, heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of the Released Parties.

17. **Agreement By All Plaintiffs**. This Agreement is conditioned on the approval by each of the Plaintiffs. If either Plaintiff declines to approve and execute the Agreement, this Agreement is then void, but the parties agree to work in good faith to evaluate the possibility for a new settlement agreement applicable to the remaining Plaintiff.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, Plaintiffs, and Defendants hereby execute the foregoing Agreement.

**PLAINTIFF DANIEL CRUZ**

_____     Date: _____

**PLAINTIFF ENRIQUE HILARIO**

_ENRIQUE  HILARIO_     Date: _11_/_10_/_2017_

**PELTON GRAHAM LLC** (as to their commitments in paragraphs 5 and 6)

_____  Date: __11/14/17__

Brent E. Pelton
Taylor B. Graham
Pelton Graham LLC
111 Broadway, Suite 1503
New York, NY 10006
*Attorneys for Plaintiffs*


**DEFENDANT USA MAINTENANCE
AND CLEANING CORP.**

By:    _____    Date:  __11 · 10 · 17__

Title:    _____


**ANDRE WALTER**

_____    Date:  __11-10·17__


**USA MAINTENANCE, INC.**
By:    _____    Date:  _____

Title:    _____


**ULYSSES LAYUN**

_____    Date:  _____


**CHRISTOPHER LAYUN**

_____    Date:  _____

**PELTON GRAHAM LLC (as to their commitments in paragraphs 5 and 6)**

_____    Date: _____
Brent E. Pelton
Taylor B. Graham
Pelton Graham LLC
111 Broadway, Suite 1503
New York, NY 10006
_Attorneys for Plaintiffs_


**DEFENDANT USA MAINTENANCE
AND CLEANING CORP.**

By: _____    Date: _____

Title: _____


**ANDRE WALTER**

_____    Date: _____


**USA MAINTENANCE, INC.**
By: _____    Date: 11/8/17

Title: Office Manager


**ULYSSES LAYUN**

_____    Date: 11/08/2017


**CHRISTOPHER LAYUN**

_____    Date: 11/8/17